# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR BALLESTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER LEAH BOUCEK, JUDGE MICHAEL T. SMYTH, BENJAMIN YIP, PUJA ARUN SACHDEV, SAMUEL MARTINETTE, MARK HEINRICH, and DOES 1-10 include,<br><br>　　　　　Defendants. | Case No. 23-cv-1839-BAS-KSC<br><br>**ORDER GRANTING EX PARTE MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 15) AND DENYING MOTION TO SHORTEN TIME AS MOOT (ECF No. 16)** |

　　Before the Court is Defendant Commissioner Leah Boucek's *ex parte* motion to file previously filed documents under seal (ECF No. 15) and application to shorten time to hear this motion. (ECF No. 16.) Defendant seeks to file Plaintiff's *ex parte* application to set aside the prior judgment and Plaintiff's proof of service of summons under seal. (ECF Nos. 3-2, 6.) Plaintiff has not responded to Defendant's motion to seal.[1]

　　"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

---

[1] The parties met and conferred on October 11, 2023, and Plaintiff was made aware the motion to seal was forthcoming. (ECF No. 16.)

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

Defendant Commissioner Boucek seeks to file under seal Plaintiff's *ex parte* application to set aside the state court judgment and Plaintiff's proof of service of summons. Neither motion is more than tangentially related to the merits of the dispute and neither motion is dispositive. Therefore, the "good cause" standard applies.

Defendant Commissioner Boucek asserts there is good cause to file these motions under seal because judicial officers are vulnerable to harassment and violence and inclusion of a judicial officer's address may increase the risk posed to judicial officers. (ECF No. 15.) Additionally, Defendant's address is not central to the underlying merits of the action. Finally, California Government Code § 7928.215 prohibits individuals from posting judicial officers' home addresses on the internet if that officer has requested that information not be posted online. Defendant has so requested. (ECF No. 15.) The Court

agrees the need for security presents "good cause" to justify filing these documents under seal.

Accordingly, the Court **GRANTS** Defendant's motion to seal. The Clerk of Court is directed to file the following documents under seal: Plaintiff's Memorandum of Points and Authorities in Support of *Ex Parte* Application (ECF No. 3-2) and Plaintiff's Proof of Service of Summons. (ECF No. 6.) Plaintiff is instructed not to include the home address of Defendant or any other public officials in future motions given the security and harassment risks associated with doing so. Defendant's motion to shorten time is **DENIED** as moot. (ECF No. 16.)

**IT IS SO ORDERED.**

**DATED: October 19, 2023**

Hon. Cynthia Bashant
United States District Judge